UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>VIEW HOMES, INC., PATRICK WOODS, JR., DOMINIC JIMENEZ, SEAN ROMERO, RAELENE ROBERTS, TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE MARRERO, DECEASED, AND JOLEEN YOUNGERS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DESIREE AILENE SEANEZ, DECEASED<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:25-CV-246 |

_____
**PLAINTIFF MID-CONTINENT CASUALTY COMPANY'S
ORIGINAL COMPLAINT**
_____

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Plaintiff Mid-Continent Casualty Company ("MCC"), and files this Complaint for Declaratory Judgment:

### I.   INTRODUCTION

1.   This is an insurance coverage action following trial in a personal injury lawsuit entitled *Todd Lopez, as personal Representative of the Estate of Jose Marrero, Deceased, et al. v.*

*View Homes Incorporated, et al.*, Cause No. D-101-CV-2023-00269, pending in the First Judicial District Court, Santa Fe, New Mexico (the "Underlying Lawsuit").

2. MCC provided a full defense to all Underlying Defendants throughout trial pursuant to a Commercial Auto policy issued to one of the Underlying Defendants. MCC continues to provide a defense to Underlying Defendants post-judgment.

3. On April 23, 2025, the jury rendered a verdict in the Underlying Lawsuit against two of the Underlying Defendants that far exceeds the limits of MCC's primary and excess policies. The court entered Judgment on the jury's verdict on May 6, 2025.

4. MCC now seeks a declaration that (a) it has no duty to pay prejudgment interest; (b) it has no duty to pay post-judgment interest; and (c) it has no duty to pay in excess of its Limit of Insurance. Plaintiff brings this suit for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201.

## II.    PARTIES

5. Plaintiff MCC is an insurance company organized and existing under the laws of the State of Ohio, having its principal place of business in Tulsa, Oklahoma.

6. Upon information and belief, Defendant Dominic Jimenez, is an individual residing in El Paso County, Texas, and may be served with process at his residence located at 10747 Pearl Sands Drive, El Paso, Texas, 79124, or wherever he may be found.

7. Upon information and belief, Defendant Sean Romero, is an individual residing in El Paso County, Texas, and may be served with process at his residence located at 10140 Tivoli Street, El Paso, Texas, 79924, or wherever he may be found.

8. Upon information and belief, Defendant Raelene Roberts, is an individual residing in El Paso County, Texas, and may be served with process at her residence located at 5029 Stampede Drive, El Paso, Texas 79934, or wherever she may be found.

9. Upon information and belief, Defendant the Estate of Jose Marrero may be served with process through its personal representative, Todd Lopez, at his residence located at 812 Don Gaspar Ave, Santa Fe, New Mexico 87505, or wherever he may be found. Jose Marrero was a resident of Texas before his death.

10. Upon information and belief, Defendant the Estate of Desiree Seanez may be served with process through its personal representative, Joleen Youngers, at her residence located at 602 Monte Alto, Santa Fe, New Mexico 8750, or wherever she may be found. Desiree Seanez was a resident of Texas before her death.

11. Upon information and belief, Defendant View Homes Incorporated is a company organized and existing under the laws of the State of Texas, having a principal place of business in Colorado Springs, Colorado. View Homes Incorporated can be served with process through its Texas agent for service of process, Hooker CPA Firm, PLLC, 2656 South Loop W, Ste 340, Houston, TX 77054.

12. Upon information and belief, Patrick Woods, Jr. is a citizen of Texas who currently lives and may be served with process at the Guadalupe County Correctional Center, 1039 Agua Negra Road, Santa Rosa, New Mexico, 88435, or wherever he may be found.

## III.     JURISDICTION AND VENUE

13. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Venue is properly maintained in this district under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants are all residents of Texas and at least one defendant resides in this judicial district, and it is the judicial district where a substantial part of the events and omissions giving rise to the claims occurred, as the insurance contact was issued to a resident of this judicial district.

## IV.  FACTS

### A.  UNDERLYING LAWSUIT

15. The Underlying Lawsuit is a wrongful death and bodily injury case arising out of a motor vehicle collision involving three vehicles. On January 17, 2023, Underlying Defendant Patrick Woods Jr. ("Woods Jr.") allegedly operated a 2017 Jeep Wrangler under the influence on Highway 213 in Dona Ana County, New Mexico. The crash occurred when Woods Jr. crossed the center line and collided head-on with the first vehicle, killing Underlying Plaintiffs Jose Marrero and Desiree Seanez and injuring Underlying Plaintiff Sean Romero and Underlying Plaintiff-in-Intervention Dominic Jiminez. Woods Jr. then hit the second vehicle, injuring Underlying Plaintiff Raelene Roberts.

16. Todd Lopez, as Personal Representative of the Estate of Jose Marrero, Deceased, and Raelene Roberts, Individually, Joleen Youngers, as Personal Representative of the Estate of Desiree Ailene Seanez, Deceased, and Sean Romero, Individually and Dominic Jimenez ("Underlying Plaintiffs") filed the lawsuit styled *Todd Lopez, as Personal Representative of the Estate of Jose Marrero, Deceased, and Raelene Roberts, Individually, Joleen Youngers, as Personal Representative of the Estate of Desiree Ailene Seanez, Deceased, and Sean Romero, Individually and Dominic Jimenez v. View Homes Incorporated; Desert View Homes, LLC; Desert View Construction, LLC, d/b/a Desert View Construction, Inc. and d/b/a Desert View Homes; SDC Development, LLC; Patrick Woods, Sr., and Patrick Woods, Jr.*, in the First Judicial District Court, Santa Fe, New Mexico on February 2, 2023.

17. The Underlying Lawsuit was tried to a jury on April 14, 2025. The jury returned a total verdict[1] of $190,750,000.00 in favor of Plaintiffs and against Patrick Woods, Jr. and View

---

[1] *See* Exhibit A (Verdict).

Homes, Inc. on April 23, 2025. The trial court entered Final Judgment[2] in the Underlying Lawsuit on the jury's verdict on May 6, 2025. The trial court ordered, in relevant part, that "all amounts awarded in the judgment shall accrue interest at the rate of interest of 15% per annum from the day after this judgment is signed, until paid in full."[3] The trial court further ordered that costs and prejudgment interest would be addressed by separate order.[4]

### B. INSURANCE COVERAGE

18. MCC issued a commercial automobile policy[5] bearing policy number 04-CA-002852063 to Desert View Construction LLC with an effective period of January 1, 2023 through January 1, 2024 ("the CA Policy"). The CA Policy contains limits of $1,000,000 per occurrence for Liability. The Liability part of the CA Policy contains the following relevant provisions:

**SECTION II –COVERED AUTOS LIABILITY COVERAGE**

    **A.    COVERAGE**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> . . .
>
> We will have the right and duty to defend any "insured" against a "suit asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense".   to which this insurance does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
>
> **1. Who is An Insured**

---

[2] *See* Exhibit B (Underlying Lawsuit Judgment).
[3] *See* Exhibit B.
[4] *Id.*
[5] *See* Exhibit C (CA Policy).

>The following are "insured":
>
>a. You for any covered "auto".
>
>b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>    . . .
>
>    (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>    . . .
>
>c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.
>
>**2. Coverage Extensions**
>
>**a. Supplementary Payments**
>
>We will pay for the "insured":
>
>>**(1)** All expenses we incur.
>>. . .
>>**(5)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".
>>**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

* * *

19. Mid-Continent also issued a commercial excess policy[6] bearing policy number XS 227224 ("the Excess Policy") to Desert View Construction, LLC with an effective period of January 1, 2023 through January 1, 2024, the same policy dates as the CA Policy. The Excess Policy provides liability coverage with a limit of $5,000,000 in the aggregate. The Excess Policy contains the following relevant provisions:

---

[6] *See* Exhibit D (Excess Policy).

## SECTION I — COVERAGES

### 1. Insuring Agreement

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under this Coverage Part applies.

We will have the right and duty to defend the insured against any suit seeking damages for such "injury or "damage" when the limits of "controlling underlying insurance" have been exhausted in accordance with the provisions of such "controlling underlying insurance."

When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other suit seeking damages for "injury or damage."

However, we will have no duty to defend the insured against any suit seeking damages for which insurance under this policy does not apply.

At our discretion, we may investigate any "event" that may involve this insurance and settle any resultant claim or suit for which we have the duty to defend.

**(1)** The amount we will pay for damages for "ultimate net loss" is limited as described in Section **II** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under this Coverage Part. However, if the policy of "controlling underlying insurance" specifies that limits are reduced by defense expenses, our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of defense expenses, judgments or settlements under this Coverage Part.

\*\*\*

## SECTION II – LIMITS OF INSURANCE

**2.** The Limits of Insurance of this Coverage Part will apply as follows:

> **a.** This insurance only applies in excess of the "retained limit".
>
> **b.** The Aggregate Limit is the most we will pay for the sum of all "ultimate net loss", for all "injury or damage" covered under this Coverage Part.
>
> However, this Aggregate Limit only applies to "injury or damage" that is subject to an aggregate limit of insurance under the "controlling underlying insurance."
>
> **c.** Subject to Paragraph 2.b. above, the Each occurrence Limit is the most we will pay for the sum of all "ultimate net loss" under this insurance because of all "injury or damage" arising out of any one "event".

***

## SECTION III – CONDITIONS

The following conditions apply. In addition, the conditions applicable to any "controlling underlying insurance" are also applicable to the coverage provided under this insurance unless superseded by the following conditions.

> **1. Appeals**
>
> If the "controlling underlying insurer" or insured elects not to appeal a judgment in excess of the amount of the "retained limit", we may do so at our own expense. We will also pay for taxable court costs, pre- and postjudgment interest and disbursements associated with such appeal. In no event will this provision increase our liability beyond the applicable Limits of Insurance described in Section II – Limits of Insurance.

***

## SECTION IV – DEFINITIONS

The definitions applicable to any "controlling underlying insurance" also apply to this insurance. In addition, the following definitions apply.

**1.** "Controlling underlying insurance" means any policy of insurance or self-insurance listed in the Declarations under the Schedule of "controlling underlying insurance".

**2.** "Controlling underlying insurer" means any insurer who provides any policy of insurance listed in the Declarations under the Schedule of "controlling underlying insurance".

**3.** "Event" means an occurrence, offense, accident, act, or other event, to which the applicable "controlling underlying insurance" applies.

**4.** "Injury or damage" means any injury or damage, covered in the applicable "controlling underlying insurance" arising from an "event".

**5.** "Retained limit" means the available limits of "controlling underlying insurance" applicable to the claim.

**6.** "Ultimate net loss" means the total sum, after reduction for recoveries, or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of:

> **a.** Settlements, judgments, binding arbitration; or

> **b.** Other binding alternate dispute resolution proceeding entered into with our consent. "Ultimate net loss" includes defense expenses if the "controlling underlying insurance" specifies that limits are reduced by defense expenses.

***

20. Underlying Defendants tendered the matter to MCC and MCC provided all Underlying Defendants with a full defense under the CA Policy. MCC continues to provide a defense to Underlying Defendants post-judgment.

21. Due to the aggravating factors in the Underlying Lawsuit, MCC anticipated that a jury verdict would likely exceed the limits of the CA and Excess Policies. MCC offered to pay its policy limits on multiple occasions throughout the pendency of the Underlying Lawsuit, including on June 18, 2024, March 24, 2025, and again on May 8, 2025.

## V. JUSTICIABLE INTEREST

22. Plaintiff MCC alleges and incorporates by reference the allegations found in paragraphs 1 through 21 above as if fully set forth herein.

23. A final judgment has been entered in the Underlying Lawsuit in favor of Underlying Plaintiffs and against Underlying Defendants. Underlying Plaintiffs are judgment creditors because final judgment has been entered in the Underlying Matter. Therefore, this issue is ripe for review.

24. MCC now seeks a declaration regarding its obligations to Defendants. Specifically, MCC seeks a declaration that it has no duty to pay pre-judgment interest owed on the judgment entered in the Underlying Lawsuit. MCC also seeks a declaration that it has no duty to pay post-judgment interest owed on the judgment entered in the Underlying Lawsuit, which is currently accruing.

25. All persons having an interest in the outcome of this litigation have been joined as parties. MCC seeks a declaration as to its duties and obligations owed to Defendants. The interest of MCC is adverse to the interests of Defendants.

26. An actual controversy exists between the parties hereto pursuant to 28 U.S.C. §2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint. MCC and Defendants have not sought any other legal action to adjudicate their respective rights involving the MCC Policies.

## VI. COUNT ONE – DECLARATORY JUDGMENT THAT MCC HAS NO DUTY TO PAY PRE-JUDGMENT INTEREST UNDER THE CA POLICY

27. MCC alleges and incorporates by reference the allegations found in paragraphs 1 through 26 above.

28. The CA Policy's insuring agreement states that "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'". The CA Policy's "Supplementary Payment" provision does not provide coverage for any pre-judgment interest.

29. Because the CA Policy does not provide coverage for pre-judgment interest, MCC is entitled to a declaration that MCC has no duty to indemnify Defendants for pre-judgment interest under the CA policy.

## VII. COUNT TWO – DECLARATORY JUDGMENT THAT MCC HAS NO DUTY TO PAY PRE-JUDGMENT INTEREST UNDER THE EXCESS POLICY

30. MCC alleges and incorporates by reference the allegations found in paragraphs 1 through 29 above.

31. The Excess Policy's insuring agreement states that "We will pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'injury or damage' to which insurance provided under this Coverage Part applies." The Excess Policy provides that the "Aggregate Limit is the most we will pay for the sum of all 'ultimate net loss', for all 'injury or damage' covered under this Coverage Part." The Excess Policy defines "ultimate net loss" as "the total sum…that the insured becomes legally obligated to pay as damages by reason of…judgments."

32. Because the Excess Policy's insuring agreement does not provide coverage for pre-judgment interest, MCC is entitled to a declaration that MCC has no duty to indemnify Defendants for pre-judgment interest under the Excess policy.

## VIII. COUNT THREE – DECLARATORY JUDGMENT THAT MCC HAS NO DUTY TO PAY POST-JUDGMENT INTEREST UNDER THE CA POLICY

33. MCC alleges and incorporates by reference the allegations found in paragraphs 1 through 32 above.

34. The CA Policy's insuring agreement states that "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this

insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'".

35. The CA Policy's "Supplementary Payment" provides that MCC will pay for the insured "All interest on the full amount of any judgment that accrues after entry of the judgment in any 'suit' against the 'insured' we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance."

36. The CA Policy provides coverage for post-judgment interest only until MCC has "paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance."

37. MCC offered to pay its Limit of Insurance at least three times before Judgment was entered. The Court ordered that final judgment shall accrue interest at the rate of 15% per annum from the day after judgment was signed, until paid in full.[7] The final judgment was signed on May 6, 2025.[8] MCC again offered to pay its Limit of Insurance on May 8, 2025.

38. Because MCC offered to pay its part of the judgment on four occasions, MCC is entitled to a declaration that it owes no duty to indemnify Defendants for post-judgment interest on any portion of the Underlying Lawsuit under the CA policy.

## IX.   COUNT FOUR – DECLARATORY JUDGMENT THAT MCC HAS NO DUTY TO PAY POST-JUDGMENT INTEREST UNDER THE EXCESS POLICY

39. MCC alleges and incorporates by reference the allegations found in paragraphs 1 through 38 above.

---

[7] *See* Exhibit B, p. 3.
[8] *Id.*

40. The Court ordered that final judgment shall accrue interest at the rate of 15% per annum from the day after judgment was signed, until paid in full.[9] Final judgment was signed on May 6, 2025.[10]

41. The Excess Policy's insuring agreement states that "We will pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'injury or damage' to which insurance provided under this Coverage Part applies." The Excess Policy provides that the "Aggregate Limit is the most we will pay for the sum of all 'ultimate net loss', for all 'injury or damage' covered under this Coverage Part." The Excess Policy defines "ultimate net loss" as "the total sum…that the insured becomes legally obligated to pay as damages by reason of…judgments."

42. Because the Excess Policy's insuring agreement does not provide coverage for post-judgment interest, MCC is entitled to a declaration that MCC has no duty to indemnify Defendants for post-judgment interest under the Excess policy.

## X.   **COUNT FIVE – DECLARATORY JUDGMENT THAT MCC HAS NO DUTY TO PAY IN EXCESS OF POLICY LIMITS**

43. MCC alleges and incorporates by reference the allegations found in paragraphs 1 through 42 above.

44. Upon information and belief, View Homes now claims that MCC breached its duties to defend and settle the Underlying Matter and has demanded that MCC indemnify View Homes for an amount in excess of MCC's policy limits.

45. MCC has provided, and continues to provide, a full defense to all Underlying Defendants throughout the litigation of the Underlying Matter. Moreover, MCC has repeatedly

---

[9] *Id.*
[10] *Id.*

offered to pay its Limit of Insurance. Therefore, MCC has satisfied its obligations to Underlying Defendants under both Policies and at common law.

46. Because MCC satisfied all obligations under the policy and the common law to all Underlying Defendants, MCC is entitled to a declaration that MCC has no duty to indemnify in excess of its Limit of Insurance.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff MCC prays for the relief as set forth above, for its costs, for its attorney fees, and for such other and further relief, both at law and in equity, as it may show itself justly entitled and will ever pray.

Respectfully submitted,

By:   /s/ R. Brent Cooper
**R. BRENT COOPER**
State Bar No. 04783250
Brent.Cooper@cooperscully.com
**LEAD COUNSEL**

**JILLIAN H. GINGER**
State Bar No. 24137469
Jillian.Ginger@cooperscully.com

COOPER & SCULLY, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Telecopy:   (214) 712-9540

**ATTORNEYS FOR PLAINTIFF MID-CONTINENT CASUALTY COMPANY**